**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) ATALIE HAMIL, an individual, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-669-CVE-FHM |
| | ) | |
| (1) METROPOLITAN PROPERTY | ) | |
|  AND CASUALTY INSURANCE | ) | |
| COMPANY, a/k/a and/or d/b/a | ) | |
| METLIFE AUTO & HOME, a/k/a | ) | |
| and/or d/b/a METLIFE, a Foreign | ) | |
| For-Profit Corporation, and (2) JOHN | ) | |
| DOE, a business entity, and  (3) JANE | ) | |
| DOE, an individual, | ) | |
| | ) | |
|       Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW Metropolitan Group Property and Casualty Insurance Company, improperly named as Metropolitan Property and Casualty Insurance Company a/k/a and/or d/b/a MetLife Auto & Home, a/k/a and/or d/b/a MetLife ("MetLife"), and pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c) states:

1.     The above entitled suit was filed in the District Court of Tulsa County, State of Oklahoma as Case No. CJ-2017-3841 on September 28, 2017. Defendant MetLife was served through the office of the Oklahoma Insurance Commissioner on November 13, 2017. Receipt of service was the first notice MetLife received of this suit. In accordance with 28 U.S.C. §1446(a) and LCvR 81.2, a copy of the docket sheet and a copy of all documents filed or served in the Tulsa County case are attached to this Notice as Exhibits "1" through "4".

2.     Plaintiff is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

3.     Defendant MetLife is a corporation organized under the laws of the State of Rhode Island, and its principal place of business is in Rhode Island; therefore, MetLife is deemed to be a Rhode Island citizen for purposes of diversity.

4.     Defendants John Doe and Jane Doe have not been properly joined and served in this matter. According to 28 U.S.C. § 1441(b), a civil action removable solely on the basis of diversity may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which the action is brought. "Section 1441(b) allows removal of diversity actions where none of the defendants properly joined and served is a resident of the state in which the action is served." *Wensil v. E.I. Dupont De Nemours and Co.*, 792 F.Supp. 447, 449 (D.S.C. 1992). At the time of this removal, only MetLife, which is not an Oklahoma resident, has been served. No other defendant has been properly joined and served. Thus, there is complete diversity between Plaintiff and Defendant MetLife.

5.     Title 28, United States Code § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." The Tenth Circuit has held that, consistent with the text of 28 U.S.C. § 1441(a), the citizenship of "John Doe" defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332. *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006). Other Circuit Courts have also held that "John Does"

are disregarded for purposes of removal on the basis of diversity of citizenship. *See, e.g., Howell ex rel. Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir.1997) ("[N]aming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs."); *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir.1994) ("It is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person.... Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction."). Thus, there is complete diversity between Plaintiff and Defendant MetLife, and removal is proper.

6.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. §1441, et seq.

7.     In this case, Plaintiff brings causes of action for breach of an insurance contract and bad faith against MetLife, arising from an insurance claim for uninsured motorist/underinsured motorists benefits for alleged injuries sustained in a motor vehicle accident.

8.     The Petition alleges that Plaintiff is entitled to damages from MetLife in "an amount under $75,000.00, [as well as] punitive damages. . . ."  The Defendant must affirmatively establish jurisdiction, by a preponderance of the evidence, by proving jurisdictional facts that make it possible that $75,000 is in play. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)"[A] defendant's notice of removal need include only a

3

plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Punitive damages may be considered in determining the requisite jurisdictional amount. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.2003). Considering the $100,000 per person policy limits under the UM contract at issue, together with Plaintiff's inclusion of their claim for punitive damages, the amount in controversy exceeds the amount which is required for diversity jurisdiction.

9.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction because of the complete diversity of citizenship of the parties and there is a sufficient amount in controversy.

10.      Pursuant to 28 U.S.C. § 1446(a), Defendant acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Metropolitan Group Property and Casualty Insurance Company, improperly named as Metropolitan Property and Casualty Insurance Company a/k/a and/or d/b/a MetLife Auto & Home, a/k/a and/or d/b/a MetLife, requests this Notice of Removal be accepted by this Court and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

4

/s/ Tim D. Cain                                    12/12/2017
Tim D. Cain, OBA #11779
Wilson, Cain & Acquaviva
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73103
(405) 236-2600
(405) 236-2607 (Fax)
timcain@swbell.net
Attorney for defendant
Metropolitan Group Property and Casualty
Insurance Company, improperly named as
Metropolitan Property and Casualty Insurance
Company a/k/a and/or d/b/a MetLife Auto &
Home, a/k/a and/or d/b/a MetLife

## CERTIFICATE OF SERVICE

    X    I hereby certify that on December 12, 2017, I electronically transmitted the
attached document to the Clerk of the Court using the ECF System for filing. Based on the
records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the
following ECF registrants:

John Paul Truskett
Samuel T. Perrine
Ryan S. Wiehl
Truskett Law Firm, PLLC
2202 E. 49th Street, Suite 400
Tulsa, OK 74105
john@truskettlaw.com
ATTORNEYS FOR PLAINTIFF

                                    /s/ Tim D. Cain
                                    Tim D. Cain