

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

ATALIE HAMIL, an individual,

Plaintiff,

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a and/or d/b/a METLIFE AUTO & HOME, a/k/a and/or d/b/a METLIFE, a Foreign For-Profit Corporation, and JOHN DOE, a business entity, and JANE DOE, an individual

Defendants.

Case No. CJ-2017-
The Honorable

CJ-2017-03841

DAMAN CANTRELL

DISTRICT COURT
**FILED**
SEP 2 8 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### PETITION

Plaintiff alleges and states as follows:
1. Plaintiff was at all material times a resident of Tulsa County, Oklahoma.
2. Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a and/or d/b/a METLIFE AUTO & HOME, a/k/a and/or d/b/a METLIFE, a Foreign For-Profit Corporation (hereinafter "MetLife" or "MetLife Insurance Company"), is a mutual automobile insurance company licensed to do business in Oklahoma.
3. Tortfeasor White was at all material times, on information and belief, a resident of Tulsa County, Oklahoma.
4. Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.
5. Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.
6. This motor vehicle crash occurred in Tulsa County, OK on about 12/16/2015.
7. This Court has jurisdiction over this matter.
8. Tortfeasor White caused a highway crash with the Plaintiff.
9. Plaintiff made no improper action.
10. Tortfeasor White chose to not pay attention while driving.
11. Tortfeasor White chose to follow Plaintiff too closely.
12. Tortfeasor White chose to drive recklessly.
13. An airbag deployed in Tortfeasor White's vehicle.
14. Tortfeasor White's vehicle was towed from the scene.
15. Plaintiff's vehicle was towed from the scene.
16. Tortfeasor White' vehicle was towed from the scene.
17. Plaintiff's vehicle had the right of way.



1

18. A driver must pay attention while driving.
19. An insurance company must fairly evaluate claims.
20. Tortfeasor White violated a safety rule.
21. Tortfeasor White directly caused injuries and damages to Plaintiff.
22. Tortfeasor White was negligent.
23. Tortfeasor White was an underinsured motorist.
24. Plaintiff is insured under the policy of insurance issued by the Defendant MetLife Insurance Company.
25. Plaintiff notified Defendant MetLife Insurance Company of her motor vehicle wreck.
26. On or about 12/16/2015, Defendant MetLife Insurance Company had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured/underinsured motorist coverage.
27. Plaintiff is insured under the policy of insurance issued by the Defendant MetLife Insurance Company
28. On or about 12/16/2015 Tortfeasor White was an underinsured motorist.
29. Plaintiff is entitled to the benefits of the uninsured/underinsured motorist coverage provided by said policy.
30. Under the terms and conditions of the contract, Defendant MetLife Insurance Company agreed to pay an insured damages.
31. Plaintiff has made numerous demands for payment under the contract.
32. Defendant MetLife Insurance Company has improperly denied fair and/or reasonable payment of benefits in breach of its obligation to Plaintiff.
33. Defendant MetLife Insurance Company failure to honor the insurance contract.
34. Defendant MetLife Insurance Company compelled, without just cause, the Plaintiff to institute litigation to recover amounts due under its insurance policies.
35. Defendant MetLife Insurance Company has refused and/or failed in a fair and/or reasonable manner to evaluate the injuries sustained by the Plaintiff.
36. Defendant MetLife Insurance Company has failed to make good faith offers to settle and/or to timely pay Plaintiff's claims and/or damages under the terms of this insurance policy.
37. By the actions/omissions of Defendant MetLife Insurance Company, the Plaintiff has been left with no option for remedy other than filing this lawsuit.
38. Defendant MetLife Insurance Company violated 36 O.S. § 1250.5(13).
39. Defendant MetLife Insurance Company violated the terms of Plaintiff's automobile insurance policy.
40. Defendant MetLife Insurance Company violated Oklahoma law.
41. Defendant MetLife Insurance Company failed to honor its contractual obligations with the Plaintiff.
42. Defendant MetLife has not attempted in good faith to effectuate prompt, fair, reasonable, and/or equitable settlement of claims submitted.
43. Liability in this case has become reasonably clear.
44. Defendant MetLife Insurance Company violated 36 O.S. § 1250.5 (4).
45. As a result of Defendant MetLife Insurance Company's actions and/or omissions, Plaintiff has suffered economic distress as well as economic loss.

46. Defendant MetLife Insurance Company's actions and/or omissions are in bad faith and contrary to law.

47. Defendant MetLife Insurance Company has not acted in a fair and/or reasonable manner in relation to Plaintiff's claim and/or requests.

48. Defendant MetLife Insurance Company has refused and/or failed to disclose to Plaintiff the Defendant's full evaluation and/or investigation here.

49. The cap for pain and suffering must be lifted because of Defendant's actions and/or omissions as set forth above were in reckless disregard of the rights of others. 23 O.S. § 61.2.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount under $75,000, punitive damages, to deter wrongful conduct, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Ryan S. Wiehl, OBA # 32893
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com